# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| RAFE T. HARPER | CIVIL ACTION NO. 5:15-cv-0019 |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| CADDO CORRECTIONS CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Pro se plaintiff Rafe T. Harper, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 5, 2015. When he filed his complaint plaintiff was incarcerated at the Caddo Corrections Center (CCC) serving a sentence imposed following his conviction in the First Judicial District Court, Caddo Parish. It appears that he has since been released on unsupervised probation.[1] Plaintiff sued the CCC claiming that he was court-ordered to serve his sentence in CCC's Litter Crew but that due to prior felony convictions he was deemed ineligible. He prayed for declaratory judgment and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

On September 10, 2014, plaintiff was convicted of possession of marijuana, second

---

[1] See VineLink.com at https://www.vinelink.com/vinelink/searchResultsAction.do?searchType=offender&siteId=19000&lang_value=en&searchWhere=state&doc=19000|900&agency=1&id=&lastName=HARPER&firstName=RAFE&dob=&ageRange=0&methodToCall=search

offense and sentenced to serve 240 days in the CCC with the Caddo Parish Sheriff's Office

"work crew." [Doc. 1-2, p. 4] Having previously been convicted of aggravated burglary in 2007,

plaintiff was deemed ineligible to participate in the work crew detail.  On December 8, 2014, he

submitted a First Step Grievance assigned ARP No. G14120083 complaining about being denied

eligibility to participate in the work crew.  Sgt. Debra Darby responded to his grievance as

follows, "I have read and reviewed your ARP, per the court slip you were given parish jail time

and ordered to the work crew at CCC. This means that you can work anywhere that CPSO staff

assigns you to work. Although you were not approved for workers status by the Workers Board

at CCC due to your aggravated convictions from 2007 and 2013, this will not affect your release

date... Your specific relief desired was not granted." [Doc. 1-2, p. 1]

Plaintiff appealed the denial of his grievance [Doc. 1-2, p. 2] On December 22, 2014,

Commander Wyche denied the appeal and noted, "... You have two aggravated convictions on

your record and this makes you ineligible for our work details or work release program. We have

contacted Judge Marcotte and informed him of the policy and he is reviewing the matter. When

the Judge has made a decision on the matter we will comply with his order. At the present, your

remedy is denied." [Doc. 1-2, p. 3]

Plaintiff filed this suit on January 5, 2015.  Plaintiff has apparently completed his

sentence and is now on unsupervised probation.

### Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner

seeking redress from an officer or employee of a governmental entity, his  complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also

subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

*2. Standing*

Plaintiff has invoked the jurisdiction of this court and seeks redress pursuant to 42 U.S.C.

§1983. That statute creates a cause of action against any person who, acting under color of state

law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*,

446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Phillips v. Monroe County,* 311 F.3d

369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

Plaintiff's complaint alleged that he was deemed ineligible to participate in the prison's

work crew as ordered by the sentencing judge. He complained about that fact to prison

administrators and the reason for his ineligibility was explained to him. He was not required to

serve additional time on his sentence, however, and CCC personnel notified the sentencing judge

3

of the problem. Plaintiff alleged no threatened or actual injury resulting from the complained of situation.

The jurisdiction of a federal court may be invoked when a plaintiff has suffered some threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Therefore, in order to have "standing" to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).  "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992).  Plaintiff has not alleged that he suffered any injury or harm as a result of the complained of  incident. Since plaintiff sustained no identifiable  injury as a result his inability to participate in the prison work crew, he lacks standing to sue under §1983 and his claim must be dismissed as frivolous.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and

4

1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, May 12, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**